UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIV. ACT. NO. 1:23-cv-321-TFM-MU |
| ) | |
| $27,300 IN U.S. CURRENCY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION and DEFAULT JUDGMENT**

Pending before the Court is the *United States' Motion for a Default Judgment of Forfeiture* (Doc. 39, filed 10/3/25). For the reasons stated below, the motion is **GRANTED**.

Rule 55 of the Federal Rules of Civil Procedure provides the mechanism for default judgments. Specifically, Rule 55 establishes a two-part process for obtaining a default judgment. First, "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend and that failure is shown by affidavit or otherwise, the clerk [of court] must enter the party's default." FED. R. CIV. P. 55(a). After default has been entered, if the "claim is for a sum certain or a sum that can be made certain by computation," the clerk must enter default judgment. FED. R. CIV. P. 55(b)(1). "In all other cases, the party must apply to the court for a default judgment." FED. R. CIV. P. 55(b)(2). Once a party applies for a default judgment, "[t]he court may conduct hearings or make referrals . . . when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." *Id*. Accordingly, simply because a defendant is in default under Rule 55(a) does not mean the plaintiff is automatically entitled to a default judgment under Rule 55(b). *See generally* 10A Charles Alan Wright, Arthur R. Miller, &

Mary Kay Kane, Federal Practice & Procedure § 2685 (4th ed. 2016). Additionally, in this Circuit, "there is a strong policy of determining cases on their merits and we therefore view defaults with disfavor." *In re Worldwide Web Sys., Inc.*, 328 F.3d 1291, 1295 (11th Cir. 2003); *see also Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244-45 (11th Cir. 2015) (quoting *Worldwide Web Sys.* and holding same). The Eleventh Circuit states default judgments are "a drastic remedy that should be used sparingly and only in extreme situations where no other forms of relief are available." *Graveling v. Castle Mortg. Co.*, 631 F. App'x 690, 698 (11th Cir. 2015) (quoting M*itchell v. Brown & Williamson Tobacco Corp.*, 294 F.3d 1309, 1316-17 (11th Cir. 2002) (internal quotations omitted).

While the entry of default is a necessary condition for obtaining a default judgment, it is not sufficient. "[A] default is not treated as an absolute confession by the defendant of his liability and of the plaintiff's right to recover," but instead "a defaulted defendant is deemed to 'admit[] the plaintiff's well-pleaded allegations of fact.'" *Tyco Fire & Sec., LLC v. Alcocer*, 218 F. App'x 860, 863 (11th Cir. 2007) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

Rule 55(b)(1) permits entry of judgment by the clerk without a hearing in cases where "the plaintiff's claim is for a sum certain or a sum that can be made certain by computation." FED. R. CIV. P. 55(b)(1). In all other cases, the Court "may conduct hearings" to "conduct an accounting," "determine the amount of damages," "establish the truth of any allegation by evidence," or "investigate any other matter." FED. R. CIV. P. 55(b)(2)(A)-(D). Though the language indicates a hearing is not a "per se requirement," Eleventh Circuit precedent indicates that evidentiary hearings "are required in all but limited circumstances." *SEC v. Smythe*, 420 F.3d 1225, 1231-32 n. 13 (11th Cir. 2005); *see also Safari Programs, Inc. v. CollectA Int'l Ltd.*, 686 F. App'x 737, 746-

47 (11th Cir. 2017) (citing Rule and *Smythe*).

Therefore, having reviewed the complaint, the motion for default judgment, and the remainder of the docket sheet, the Court finds the following:

1. On August 22, 2023, the United States files its Verified Complaint for Forfeiture *In Rem*. *See* Doc. 1. On August 24, 2023, the warrant for arrest of the currency was issued. *See* Doc. 2.

2. On September 25, 2025, Claimant Williams Ontiveros-Maciel filed his answer. *See* Doc. 3. The United States filed a motion to strike the answer/response/claim. *See* Doc. 5. The claimant filed its response to the Court's show cause order on November 20, 2023. *See* Docs. 6, 12. The Court held a hearing on the topic on January 4, 2024. After acknowledging certain deficiencies, the Claimant filed a verified claim and amended answer on January 10, 2024. The Court therefore extended the deadline to January 11, 2024 and considered the claim as timely filed. *See* Doc. 23.

3. The Court notes that the sole appearing claimant, Williams Ontivros-Maciel, dismissed his claim to the currency. *See* Docs. 34, 35. No other claims were filed by the deadline.

4. On September 24, 2025, the United States files its proof of publication (Doc. 36) and on September 30, 2025 2025, filed an application for the entry of default (Doc. 37). The Clerk of Court entered default on October 2, 2025. *See* Doc. 38.

5. On October 3, 2025, the United States filed its motion for default judgment and supporting evidence. *See* Doc. 39. The Court entered an order indicating that answer responses in opposition should be filed no later than October 24, 2025. *See* Doc. 40. No such responses were filed and the deadline has passed.

6. In the case at hand, since default has been entered, the factual allegations of the

complaint are now deemed admitted. *See Giovanno v. Fabec,* 804 F.3d 1361, 1366 (11th Cir. 2015) ("When a defendant defaults, he admits the plaintiff's well-pleaded allegations of fact." (internal quotations marks and citation omitted)).

7. The United States filed its verified complaint alleging the Defendant Funds were subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6) because "they constitute: (1) money furnished or intended to be furnished in exchange for a controlled substance in violation of the Controlled Substance Act; (2) proceeds traceable to such an exchange; or (3) money used or intended to be used to facilitate a violation of the Controlled Substance Act." Doc. 1 at 2. This Court has jurisdiction over this civil *in rem* matter and venue is proper in the Southern District of Alabama because the Defendant Funds were found in this district. *See* 28 U.S.C. §§ 1345, 1395(b).

8. The sole appearing claimant, Williams Ontiveros-Maciel – the individual from whom law enforcement seized the Defendant Funds –with the advice of counsel voluntarily dismissed his claim to the Defendant funds. *See* Docs. 34, 35.

9. In addition to providing direct notice to Ontiveros-Maciel, the United States properly published this forfeiture action on www.forfeiture.gov. *See* Doc. 36. The time for third parties to file potential claims has expired, and no claims have been made.

10. Default has been properly entered as to the Defendant Funds. *See* Doc. 38.

11. Following the entry of default, the United States moved this Court to enter a Default Judgment of Forfeiture as to the Defendant Funds. Doc. 39. In its motion, the United States explained why the uncontested facts set out in the verified complaint support a reasonable belief that the United States could meet its burden at trial. Upon review, this Court agrees. Ontiveros-Maciel initially lied about the presence of the Defendant Funds in the rental vehicle. Furthermore, the Defendant Funds were packaged in baggies in a hidden area of the rental car, which this Court knows is a hallmark of the drug trade. These facts, plus the K-9's indication of a narcotics odor on

the vehicle and the officer's detection of a marijuana odor in the vehicle all support the United States' case as to the forfeitability of the Defendant Funds.

12.     The facts as alleged in the Verified Complaint and supported by the evidence submitted with the motion for default judgment sufficiently establish the Defendant Funds are subject to forfeiture pursuant to 21 U.S.C. § 881(a)(6). The Court finds that the motion for default judgment is well-taken and supported by sufficient evidence in addition to the factual allegations that have been deemed admitted.

It is therefore **ORDERED, ADJUDGED,** and **DECREED** that:

A.     The *United States' Motion for a Default Judgment of Forfeiture* (Doc. 39) is **GRANTED**.

B.     Default Judgment of Forfeiture is hereby entered against the Defendant Funds pursuant to Fed. R. Civ. P. 55(b)(2). Any further claims or statements of interest are time-barred.

C.     The Clerk of Court is **DIRECTED** to close this case pursuant to the entry of this Default Judgment.

**DONE** and **ORDERED** this 10th day of November 2025.

                                         s/Terry F. Moorer
                                         TERRY F. MOORER
                                         UNITED STATES DISTRICT JUDGE